# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT
# OF ILLINOIS

| | |
|---|---|
| United States of America | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19 CR 476 |
| | ) |
| Tyrone Bullock | ) Judge Ronald A Guzman |
| | ) |
| Defendant. | ) |

## **PROTECTIVE ORDER**

The Court having found just cause for the entry of a protective order,

**IT IS HEREBY ORDERED** that a protective order with respect to all documents produced by the Civilian Office of Police Accountability ("COPA") in response to subpoena ("the Produced Materials"):

(1) The Civilian Office of Police Accountability "COPA shall be permitted to redact from the Produced Materials: all sensitive information relating to any police officer, including his/her social security number, employee ID, date of birth, driver's license number, FOID card number, home addresses, and information regarding the officer's spouses or children; certain sensitive information relating to any civilians, including their social security numbers; sensitive information relating to COPA employees, such as social security numbers, employee numbers, and user ID numbers; and information regarding juveniles;

(2) COPA shall be permitted to mark the Produced Materials as "confidential" if needed;

(3) the Produced Materials shall be used solely by counsel to this action and only for purposes of this litigation. "Counsel" as used in this Order includes both attorneys for the government and the defendant;

(4) Counsel to this action shall not disclose the Produced Materials or any information contained in the Produced Materials except to expert witnesses as may be needed to prosecute or defend this action, or as otherwise permitted pursuant to further order of this Court;

(5) for documents marked by COPA as "UNREDACTED", the parties and counsel shall be required to redact all sensitive information relating to any police officer, including his/her social security number, employee ID, date of birth, driver's license number, FOID card number, home addresses, and information regarding the officer's spouses or children; certain sensitive information relating to any civilians, including their social security numbers; sensitive information relating to COPA employees, such as social security numbers, employee numbers, and user ID numbers; and information regarding juveniles;

(6) upon termination of this action, the provisions of this order shall continue to be binding upon all parties and attorneys to this action; and

(7) within thirty (30) days of the termination of this action, (including any appellate proceedings related hereto), counsel for the parties shall return all copies of the Produced Materials that were produced, pursuant to this protective order to the Legal Department at the Civilian Office of Police Accountability, 1615 W. Chicago Avenue, 5th Floor, Chicago, Illinois 60622.

(8) The parties agree to the following terms and limitations:

    a. The parties are familiar with HIPAA (Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2002)) and the Privacy Standards (Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. §§ 160 & 164 (2000)).

    b. The parties recognize that it may be necessary during the course of this proceeding to produce PHI (protected health information, as that term is used in HIPAA and the Privacy Standards).

    c. The parties agree not to use or disclose the PHI released for this proceeding for any other purpose or in any other proceeding.

    d. The parties agree to store all PHI while it is in their possession according to the Privacy Standards.

    e. The parties agree at the termination of this proceeding to dispose of the PHI released during the course of this proceeding pursuant to the Privacy Standards.

    f. The parties are also familiar with JCA (Juvenile Court Act), codified primarily at 705 ILCS 405/et seq.

    g. The parties recognize that JCA requires COPA to redact identifying information for any juveniles named in the case file.

    h. The parties agree not to use or disclose any information that may still be identifiable in the attached case file.

    i. The parties agree to store all juvenile-related materials and information while it is in their possession according to standards set forth in JCA, or to take other steps reasonably necessary to protect the privacy of any juveniles appearing in the case file.

    j. The parties agree at the termination of this proceeding to dispose of the juvenile-related materials and information in accordance with the standards set forth in JCA, or to take other steps reasonably necessary to protect the privacy of any juveniles appearing in the case file.

k. The parties are familiar with all other applicable federal, state, and local laws relating to the use, disclosure and storage of the documents produced by COPA and agree to abide by all other applicable federal, state and local laws with regards to the use, disclosure, and storage of the documents produced by COPA.

l. The parties shall redact, before filing such documents or using such documents in court proceedings, all sensitive information relating to any police officer, including his/her social security number, employee ID, date of birth, driver's license number, FOID card number, home addresses, and information regarding the officer's spouses or children; certain sensitive information relating to any civilians, including their social security numbers; sensitive information relating to COPA employees, such as social security numbers, employee numbers, and user ID numbers; and information regarding juveniles.

(9) Neither the Produced Materials, nor the information contained therein, may be disclosed to any person other than counsel for the government and counsel for defendant (defined as counsel of record in this case, or any counsel designated as co-counsel by defense counsel of record) or investigators employed by counsel to assist the prosecution or defense, without prior notice to COPA and authorization from the Court.

(10) Absent prior permission from the Court, neither the Produced Materials, nor the information contained therein, shall be included in any public filing with the Court, and instead shall be submitted under seal.

(11) Counsel, and other persons to whom the Court may subsequently authorize disclosure, shall not copy or reproduce the Produced Materials, except in order to provide copies of the Produced Materials for use in connection with this case by counsel and other persons to whom the Court may subsequently authorize disclosure. Such copies and reproductions shall be treated in the same manner as the original Produced Materials.

(12) Counsel, and other persons to whom the Court may subsequently authorize disclosure shall not disclose any notes or records of any kind that they make in relation to the contents of the Produced Materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original Produced Materials.

(13) Should this Court authorize disclosure of the Produced Materials to persons other than counsel, before providing the Produced Materials to an authorized person, counsel must provide the authorized person with a copy of this Order and require the authorized person to sign a statement acknowledging that the authorized person has received a copy of and reviewed this Order, and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order. Counsel shall maintain a copy of the signed statement of each authorized person for a period of twelve months after the conclusion of all stages of this case.

(14) The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses information contained in the Produced Materials shall be filed under seal, absent prior permission from this Court.

(15)     Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

SO ORDERED AND ENTERED:

Dated:   December 5, 2019

_____
RONALD A. GUZMAN
United States District Court Judge